IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INS. CO., | : : : | 4:09-cv-440 |
| Plaintiff, | : : | Hon. John E. Jones III |
| v. | : : | |
| UNITED STATES OF AMERICA, | : : | |
| Defendant. | : | |

## MEMORANDUM

### January 8, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is Defendant's Motion for Summary Judgment ("the Motion") (Doc. 21) filed on December 1, 2009. The Motion has been fully briefed for the parties, and thus is ripe for our review. For the reasons that follow, the Motion shall be granted.

**II.    STANDARD OF REVIEW**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by

pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of*

*Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff State Farm Mutual Automobile Insurance Company ("Plaintiff" or "State Farm") filed this Federal Tort Claims Action ("FTCA") against the United States of America seeking to recover $4,625.83 that it paid to one of its policyholders for damages to a vehicle involved in a collision with a government vehicle on the grounds of the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg") on June 28, 2007.

In support of its Motion, Defendant submitted affidavits of Paul Ruane ("Ruane"), Safety Specialist at USP-Lewisburg and Lester Yohe ("Yohe"), the driver of the civilian vehicle involved in the accident that gave rise to this lawsuit. On November 13, 2009, Ruane met with Yohe to obtain information concerning

the accident.

The accident occurred between a civilian vehicle, a 2005 Honda Civic, owned by Mary Stoshak (State Farm's policyholder), that, at the time of the accident, was being driven by Yohe, USP- Lewisburg staff member. The other vehicle involved in the accident was a government-owned tractor, being driven by an inmate. (SMF ¶ 4).

Prior to the accident, both the tractor and Yohe's vehicle were traveling north on Robert Miller Drive, the entry road to the USP-Lewisburg grounds. Yohe's vehicle was behind the tractor. (SMF ¶¶ 5-6). Yohe attempted to pass the tractor on the left and the vehicles collided when the tractor turned left onto Sycamore Drive at the intersection of Sycamore Drive and Robert Miller Drive. (SMF ¶¶ 7-12).

On December 1, 2009, the United States filed the instant Motion, arguing that summary judgment should be granted in its favor because Plaintiff has failed to state a claim of negligence under the FTCA. The United States filed a Statement of Material Facts and a brief in support of its motion. The Defendant filed a brief in opposition to the Motion, however, notably, did not file a response to the Plaintiff's Statement of Material Facts. Thus, pursuant to Local Rule 56.1, all material facts set forth by Defendant are deemed admitted. Thereafter, Defendant

filed a reply brief.

## IV. DISCUSSION

When analyzing claims brought under the FTCA, courts apply the substantive law of the state "where the act or omission occurred." 28 U.S.C. § 2674. In an FTCA action, the United States may be found liable only to the extent that a private individual would be liable under the applicable state law. *See United States v. Muniz*, 374 U.S. 150 (1963); *Rodriguez v. United States*, 823 F.2d 735, 739 (3d Cir. 1987). Inasmuch as the accident giving rise to this action occurred in Pennsylvania, the law of the Commonwealth governs the disposition of this matter.

Under Pennsylvania law, to establish a *prima facie* case of negligence, a Plaintiff must show: (1) the existence of a legal duty from the defendant to the plaintiff; (2) a negligent breach of that duty; (3) a causal connection between the defendant's breach of duty ad the resulting injury or harm; and (4) injury or harm suffered by the plaintiff. *Morena v. South Hills Health System*, 462 A.2d 680, 684 n. 5 (Pa. 1983) (citing Prosser, Law of Torts, § 30 at 143 (4th Ed. 1971) and *Macina v. McAdams*, 421 A.2d 431, 434 (Pa. 1980)). To establish a causal connection, Pennsylvania law requires a plaintiff to establish, by a preponderance of the evidence, that the defendant's negligence was the proximate cause of his injury.

*Baum v. United States*, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982). Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury. *Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978).

It is evident to the Court that the Plaintiff cannot bear its burden here and that summary judgment should be granted in this case. It is undisputed that the vehicles collided when Yohe was attempting to pass the inmate-driven tractor on the left as the tractor was turning left onto Sycamore Drive from Robert Miller Drive. It is also undisputed that Yohe, an employee at the prison, had knowledge of the intersection and was familiar with the roadways involved in the accident here. (SMF ¶ 20). The Plaintiff has proffered no evidence that there was any negligence on behalf of the inmate driving the tractor. While Plaintiff is correct that the tractor was driving at a low rate of speed, there is nothing that the inmate did to cause Yohe to pass the tractor. While it may have been inconvenient for Yohe to travel behind the slow-moving tractor, the tractor's slow rate of speed certainly does not rise to the level of negligence.

## V. CONCLUSION

Thus, based on all of the foregoing, the Defendant's Motion shall be granted. An appropriate Order shall issue.